UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>        Plaintiff<br>v.<br><br>CAROL A. STOUT<br>DAVID A. STOUT<br>        Defendants | Civil Action No: 17-05549 |

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

I.   **FACTS**

The United States of America by the United States Department of Agriculture ("Plaintiff") granted loans to Defendant, CAROL A. STOUT, in the amounts and on the dates set for in Plaintiff's complaint which loans are evidenced by the promissory notes and mortgages attached to Plaintiff's complaint as exhibits. Plaintiff, the United States of America, is the lawful owner and holder of this Note and the Mortgage.

The Defendant, CAROL A. STOUT, is the current record owner of the mortgage property located at 5300 Heidelberg Heights Road f/k/a 1404 Heidelberg Heights Road, Germansville, PA 18053 ("Property") and defaulted on the note by failing or refusing to pay installments of principal and interest when due, and have failed to pay Property taxes when due.

As of June 26, 2017, Defendant, CAROL A. STOUT, is indebted to the United States in the amount of $120,772.13 and $15,843.99. Interest continues to accrue at a daily rate of $10.19 and $1.41, respectively.

The complaint seeking mortgage foreclosure was filed on December 11, 2017. Service was effected on Defendant, CAROL A. STOUT, on March 6, 2018 as evidenced by the Return of Service filed with the Court. To date, no answer or responsive pleading has been filed.

II.   **AS A MATTER OF LAW PLAINTIFF IS ENTITLED
        TO ENTRY OF JUDGMENT IN ITS FAVOR**

An action to foreclose on a mortgage is proceeding to determine the existence, extent and priority of a mortgage lien and to obtain the sale of the real property pledged to secure its satisfaction. United States v. Scholnick, 606 F.2d 160, 165 (6th Cir. 1979). The Court may grant judgment in a mortgage foreclosure action such as the present one when no genuine issue of fact exists. See, United States v. Golden Acres, Inc., 520 F. Supp 1073 (D. Del. 1981); and see, United States v. Winthrop Towers, 628 F.3d, 1029, 1036 (7th Cir. 1980).

The three factors that control whether a default judgment should be granted are: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendants' delay is due to culpable conduct. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). In the instant action, Plaintiff would be prejudiced by the denial of default judgment because the Plaintiff has not received a mortgage payment in approximately three years and five months. During this time Plaintiff has also continued to pay the property taxes. The Defendant, CAROL A. STOUT, has not raised any defenses and the mortgage has been in default from November 28, 2014 to date. It appears the Defendant, CAROL A. STOUT, have no interest in defending this legal action given that the Defendant, CAROL A. STOUT, has not made a mortgage payment since November 28, 2014, and was personally served over twenty-one (21) days ago and has yet to file an answer.

Federal law governs questions involving the rights of the United States arising under nationwide federal programs, United States vs. Kimbell Foods, Inc., 440 U.S. 715, 726 (1979); see, Clearfield Trust Co. vs. United States, 318 U.S. 363, 366-367 (1943), as well as the rights and liabilities of the parties upon default of a federally held or insured loan, United States v. Kimbell Foods, Inc., 440 U.S. at 726.

The Mortgage obligates Defendant, CAROL A. STOUT, to pay promptly the indebtedness evidenced by the Promissory Note at the time provided in the Note. The mortgage provides that the entire amount of indebtedness shall become immediately due without notice or demand upon Defendant's failure to pay the amount of any installments due. Federal Rule of Civil Procedure 55 (b)(2) permits this Court to enter judgment by default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend within the time provided by the rules. Since Defendant,

CAROL A. STOUT, has failed to plead, judgment is appropriate.

### III. **CONCLUSION**

For all the above reasons, Plaintiff respectfully submits that there is no genuine issue of material fact and that pursuant to Federal Rule of Civil Procedure 55 (b), the United States is entitled to entry of judgment in its favor as a matter of law. Plaintiff therefore submits that Judgment be entered in its favor and that its proposed order setting forth the matter in which the Property be sold according to law be entered.

Respectfully submitted,
KML Law Group, P.C.

By: _____
Rebecca A. Solarz, Esquire
Pennsylvania Attorney I.D. No. 315936
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6327