UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:17-cv-05549 |
| | : | |
| CAROL A. STOUT and DAVID A. STOUT, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

And now, this 13th day of August, 2018, upon consideration of Plaintiff's Motion for Default Judgment against David A. Stout, ECF No. 10, and Motion for Default Judgment against Carol A. Stout, ECF No. 15, it is **ORDERED** that Plaintiff's Motions, ECF Nos. 10 and 15, are **DENIED** without prejudice to Plaintiff's ability to renew their motions in accordance with this Order.[1]

---

[1] This is an action to recover Defendants' two unpaid mortgages. Defendants have failed to timely respond to the United States' complaint, and the United States seeks the entry of a default judgment against both Defendants in the amount of $120,772.13 and $15,843.99 plus interest at a rate of $10.19 and $1.41 per day, respectively, as well as equitable relief to allow it to foreclose on the Defendants' property. According to the United States, the monetary amount it seeks for Note "A" and Mortgage "B" consists of $42,503.08 in unpaid principal, $9,903.72 in interest, $61,109.68 in "interest recapture," $218.80 in "late charges," $607.29 for "fees required with payoff funds," and $6,429.56 for "fees currently assessed," plus interest accruing on the unpaid balance from June 26, 2017, at $10.19 per day. In addition, for Note "D" and Mortgage "E" the United States seeks $5,865.97 in unpaid principal, $1,366.82 in interest, $8,578.53 in "interest recapture," $32.67 in "late charges," plus interest accruing on the unpaid balance from June 26, 2017, at $1.41 per day.

The acceleration notice attached as an exhibit to the complaint evidences an unpaid principal amount of $48,369.05 and unpaid interest in the amount of $2,640.10 as of May 22, 2015, *see* Compl. Ex. H, but the only other support the United States offers for the amounts it claims are affidavits from its counsel attesting to the fact that the United States is entitled to these amounts based on her review of "certain records of the U.S. Department of Agriculture." Solarz Aff. ¶ 4, ECF No. 7; Solarz Aff. ¶ 4, ECF No. 10.

It is well-settled that a defaulting defendant admits the factual allegations against it except those with respect to damages, *Sparks v. Duckrey Enters., Inc.*, No. 05-2178, 2010 WL 8770223, at *1 (E.D. Pa. Aug. 6, 2010) (citing *Fehlhaber v. Indian Trails, Inc.*, 425 F.2d 715, 717 (3d Cir. 1970) (per curiam)), which means that a default does not relieve the plaintiff of the obligation to prove the amount it claims to be owed. But the attestations of the United States'

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

counsel that she has seen documents supporting the particular amounts the United States seeks to recover are not competent evidence from which the Court can ascertain that it is entitled to those amounts. Nor has the United States explained why it is legally entitled to each of the categories of interest and fees that it seeks.

  Accordingly, the United States' Motion is denied, without prejudice to its ability to file a revised motion that (1) explains why the United States is legally entitled to each category of interest and fee that it seeks (such as "interest recapture" and "fees required with payoff funds"), and (2) is accompanied by evidence that shows how the United States arrived at each of those figures. *See United States v. Vanderpool*, No. 5:16-cv-05815 (E.D. Pa. Oct. 25, 2017).

081318